IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ISAAC PETWAY,

Petitioner,

v.  Civil Action No. 1:07cv50
(Judge Keeley)

JOYCE FRANCIS, Warden,

Respondent.

## OPINION/REPORT AND RECOMMENDATION

On April 9, 2007, the *pro se* petitioner, Isaac Petway, filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. [DE 1]. On May 2, 2007, a preliminary review of the file showed that summary dismissal was not warranted at that time and the respondent was directed to show cause why the petition should not be granted. [DE 9]. On June 1, 2007, the respondent filed an answer. [DE 11]. This case is before the undersigned for a report and recommendation pursuant to LR PL P 83.01, et seq.

Succinctly put, the petitioner's claim rests upon a violation of Article I, Section 9, Clause 3, the Ex Post Facto Clause of the United States Constitution.[1] Specifically, the petitioner asserts that the forfeiture of street time for District of Columbia offenders violates the Ex Post Facto Clause. [DE 1]. The issue that the petitioner raises stems from a conflict among two different statutes

---

[1] The Ex Post Facto Clause "prohibits Congress and the states from enacting any law that 'imposes a punishment for an act which is not punishable at the time it was committed; or imposes additional punishment to that then prescribed . . .'" Artez v. Mulcrone, 673 F.2d 1169, 1171 (10th Cir. 1982) (citation omitted).

relating to street time, D.C. Code § 24-206 (a) (1996) and D.C. Code § 24-431.

## I. Analysis[2]

D.C. Code § 24-206 (a) was enacted by Congress in 1932 and provided that a D.C. Code offender *would receive no credit* toward his sentence for street time (time spent under parole supervision) when his parole was revoked.[3] See Davis v. Moore, 772 A.2d 204, 209 (D.C. 2001) (emphasis added). On the other hand, D.C. Code § 24-431 was passed by the D.C. Council as part of the Good Time Credits Act of 1986 ('GTCA'), and stated, *inter alia*, that street time *would be counted* toward a person's sentence even upon violation of parole.[4] See id. (emphasis added). Upon the enactment of the GTCA, the D.C. Corporation Counsel determined that § 24-431 implicitly repealed the earlier statute. Id. Relying on this determination, the D.C. Department of Corrections enacted a regulation which stated that D.C. parole violators would retain credit for street time upon revocation of their parole. Id.

However, the United States Parole Commission ("the Commission") disagreed with D.C. Corporation Counsel's interpretation of the statutes. Therefore, D.C. offenders within the Commission's authority continued to have their street time forfeited upon revocation of parole. Id.

---

[2]Although is appears that the petitioner did not fully exhaust his appeals prior to filing this case, because exhaustion is not mandated under § 2241, and because it appears that the petitioner's claim has since been exhausted, the undersigned, having the issue fully briefed, will address the merits of the petitioner's claim.

[3]The statute provides:
If the order of parole shall be revoked, . . . [t]he time a prisoner was on parole shall not be taken into account to diminish the time for which he was sentenced.

[4]The statute provides:
Every person shall be given credit on the maximum and the minimum term of imprisonment for time spent in custody or on parole as a result of the offense for which the sentence was imposed.

at 209-210. The inequity created by this situation was first taken up by the Ninth Circuit Court of Appeals in Tyler v. United States, 929 F.2d 451 (9th Cir. 1991). In that case, the Ninth Circuit sided with the Commission and found that "the GTCA did not impliedly repeal the longstanding requirement of section 24-206 that parole violators forfeit their street time." Tyler v. United States, 929 F.2d 451, 457 (9th Cir. 1991). Nonetheless, despite this finding, the D.C. Department of Corrections continued to grant credit for street time pursuant to its regulation. Davis v. Moore, 772 A.2d at 211.

However, in United States Parole Comm'n v. Noble, 693 A.2d 1084 (D.C. 1997), 711 A.2d 85 (D.C. 1998) (*en banc*), the District of Columbia Court of Appeals found that § 24-431 did not repeal the forfeiture of street time provided by § 24-206. In fact, the D.C. Court specifically noted that "the District had . . . erred in crediting prisoners with street time after their parole had been revoked." Noble at 1085. Accordingly, the D.C. Department of Corrections began recalculating the sentences of all parole violators still in custody. Davis v. Moore, 772 A.2d at 212.

Not surprisingly, litigation soon followed regarding whether Noble would apply retroactively to D.C. offenders serving their time in federal custody. Id. However, the D.C. Court quickly determined that the Noble decision could apply retroactively to D.C. offenders in federal custody because a federal prisoner had no legitimate expectation in the credit in the first place. Id.[5] (discussing Noble v. U.S. Parole Comm., 32 F.Supp. 11 (D.D.C. 1998)). A similar issue was

---

[5]In Davis v. Moore, supra, the D.C. Court held that "retroactive application of Noble does not violate the Ex Post Facto or Due Process Clauses." Davis, 722 A.2d at 215. The Court reasoned because § 24-206 (a) had been in place since 1932, and had never been repealed, then "[i]n the decade between the enactment of [§ 24-431(a)] and our decision in Noble, it was foreseeable to every D.C. Code offender that revocation of parole might result in loss of street time pursuant to § 24-206(a) notwithstanding [§ 24-431]." Id.

3

rejected by the Tenth Circuit in Johnson v. Kindt, 158 F.3d 1060, 1063 (10th Cir. 1998), where the Tenth Circuit found that due process was not violated by the retroactive application of Noble because the holding in Noble was not unforeseeable based on the Ninth Circuit's decision in Tyler.

In the instant case, the petitioner appears to claim that the forfeiture of his street time by the Commission and the Bureau of Prisons violated the Ex Post Facto Clause of the United States Constitution. However, the law in this area is very clear. The forfeiture of the petitioner's street time does not violate either the due process or ex post facto clauses of the United States Constitution.[6] Therefore, the petitioner's claim is without merit and should be dismissed with prejudice.[7]

## II. Recommendation

For the reasons set forth herein, the undersigned recommends that the petitioner's §2241 motion be **DENIED and DISMISSED with prejudice** from the Court's active docket.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge.

---

[6]To state an ex post facto claim, the petitioner must show that a legislative change "alters the definition of [the] criminal conduct or increases the penalty by which a crime is punishable." California Dept. of Corr., v. Morales, 514 U.S. 499, 506 n. 3 (1995). The ex post facto clause does not apply to a change which simply alters the situation of a party to his disadvantage. See Collins v. Youngblood, 497 U.S. 37, 50 (1990).

[7]Petitioner further claims that he had a contract that was based on § 24-431. He claims that the interpretation of § 24-206 (a), which took precedent over § 24-431, violated Article 1, Section 10, Clause 1, the obligation of contract. However, it has long been understood that the obligation of contracts clause is only directed at impairments by legislation, not by judgments of courts. Barrows v Jackson, 346 US 249 (1953); Tidal Oil Co. v Flanagan, 263 US 444 (1924).

4

Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record, via electronic means.

DATED: July 13, 2008.

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE