**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**ISAAC PETWAY,**

**Petitioner,**

**v.** **CIVIL ACTION NO. 1:07cv50**
**(Judge Keeley)**

**JOYCE FRANCIS, Warden,**

**Respondent.**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

On April 9, 2007, pro se petitioner Isaac Petway ("Petway"), at that time an inmate at FCI-Gilmer, in Gilmer County, West Virginia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, alleging that the United States Parole Commission is unlawfully denying him credit for "street time" he earned while on parole in Washington, D.C. He argued that the Parole Commission's denial of this credit violates the ex post facto clause and his "parole contract."

Pursuant to LR PL P 83.09, the Court referred Petway's petition to United States Magistrate Judge John S. Kaull, who, on July 16, 2008, issued a Report and Recommendation ("R&R") recommending that the petition be denied and the case dismissed with prejudice. On July 25, 2008, Petway timely objected to the R&R, and the Court now reviews the issues raised in those objections de novo.

## I. BACKGROUND

Petway's § 2241 petition arises from two conflicting statutes regarding credit for "street time" - time spent on parole supervision - towards a parole revocation sentence. A statute enacted by Congress for the District of Columbia ("D.C.") in 1932 provided that a defendant convicted of an offense under the D.C. Code would not receive credit for "street time" should his parole be revoked. D.C. Code § 24-206(a). In 1986, however, the D.C. City Council passed a statute providing that street time would be credited towards a revocation sentence. D.C. Code § 24-431(a). While the D.C. Department of Corrections found that the second statute repealed the earlier law, the United States Parole Commission disagreed and has always denied credit for "street time" for D.C. offenders whose parole has been revoked.

## II. ANALYSIS

In his R&R, Magistrate Judge Kaull reviewed case law interpreting this issue, and determined that, in United States Parole Commission v. Noble, 693 A.2d 1084 (D.C. 1997), 711 A.2d 85 (D.C. 1998) (en banc), the Circuit Court of Appeals for the District of Columbia held that the D.C. Department of Corrections had erred when it credited D.C. offenders with "street time," following a parole revocation. Further, in a subsequent case, the

D.C. Circuit held that retroactive application of Nobel violates neither the Ex Post Facto Clause nor the Due Process Clause of the United States Constitution. Davis v. Moore, 772 A.2d 204, 212-15 (D.C. 2001). Moreover, it held that such retroactive application could be applied to D.C. offenders being held in federal custody. Id. Accordingly, the Ex Post Facto Clause does not prohibit the U.S. Parole Commission from denying Petway credit for "street time" on his parole revocation sentence.

Finally, Magistrate Judge Kaull noted that Petway also had raised a contract claim in which he argued that his "parole contract" was based on the understanding that his "street time" would be credited toward his parole revocation sentence, and that the new interpretation of D.C. Code § 24-431(a) violates Article 1, Section 10, Clause 1 of the United States Constitution, which prevents any law from impairing the "obligation of contracts." The Magistrate Judge found, however, that the Obligation of Contracts Clause is only directed at impairments by legislation, not court judgments, and thus is not implicated in this case.

Petway does not object to the Magistrate Judge's findings as to the Ex Post Facto Clause. He argues, however, that the R&R does not address his primary issue, that is, whether the new interpretation of the "street time" law, D.C. Code § 24-431(a),

interferes with his contractual rights. He argues that his parole contract was not renegotiated after the Nobel decision changed the interpretation of the law, and thus he is now bound to a contract to which the other party, the District of Columbia, is not.

Petway, nevertheless, does not dispute the Magistrate Judge's finding that a violation of the Obligation of Contracts Clause does not occur when the terms of the contract are impaired by a court judgment rather than by new legislation. Indeed, any such objection would be futile because the United States Supreme Court has been clear on this point:

> It has been settled by a long line of decisions, that the provision of section 10, article 1, of the federal Constitution, protecting the obligation of contracts against state action, is directed only against impairment by legislation and not by judgments of courts.

Barrows v. Jackson, 346 U.S. 249, 260 (1953) (quoting Tidal Oil Co. v. Flanagan, 263 U.S. 444, 451 (1924)). Thus, because the terms of Petway's "parole contract" were altered by the decision in Nobel, rather than by a legislative action, no violation of the Obligation of Contracts Clause has occurred.

**III. CONCLUSION**

For the reasons stated above, the Court **ADOPTS** the R&R in its entirety (dkt. no. 19), **DENIES** Petway's § 2241 petition, and **DISMISSES** the case **WITH PREJUDICE** from the Court's docket.

**PETWAY V. FRANCIS 1:07CV50**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order to the pro se petitioner, by certified mail, return receipt requested.

DATED: February 2, 2009.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

5